## MANDAMUS—VILLAGE BONDS.

[Hamilton Circuit Court.]

STATE OF OHIO, EX REL. VILLAGE OF PLEASANT RIDGE, v. HENRY
K. STALEY, MAYOR.

ALLEGATIONS NECESSARY TO SUSTAIN APPLICATION FOR MANDAMUS TO COMPEL
MAYOR TO SIGN BONDS.

> The mayor of a village cannot be compelled by mandamus to sign bonds issued
> by the village for the purpose of extending the time of payment of an exist-
> ing and binding obligation, unless the petition alleges that council has deter-
> mined the particular indebtedness to be valid which it is proposed to refund
> or extend, the aggregate amount of bonds to be issued, their denomination,
> rate of interest, date of maturity, place of payment, etc., in full conformity
> with the provisions of sec. 2701, Rev. Stat., and if the allegations are denied
> there must be proof that council has substantially complied with the require-
> ments of the statute.

MANDAMUS.

HEARD on Demurrer to Petition.

SMITH, J.

We are of the opinion that the demurrer of the defendant to the
petition should be sustained upon the ground that it does not state facts
sufficient to constitute a cause of action against him.

Section 2701, Rev. Stat., authorizes the council of a municipal cor-
poration "for the purpose of extending the time for the payment of
any indebtedness, which from its limits of taxation such corporation is
unable to pay at maturity, or when it appears to the said trustees or
council for the best interest of said municipal corporation to issue bonds
of such corporation, or borrow money so as to change but not to increase
the indebtedness, in such amounts and for such length of time and at
such rate of interest as the council may deem proper, not to exceed the
rate of six per cent. per annum, payable annually or semi-annually ; *pro-
vided, however*, that no indebtedness of any such municipal corporation
shall be funded, refunded or extended, unless such indebtedness shall
first be determined to be an existing, valid and binding obligation of
any such municipal corporation, by a formal resolution of the trustees
or council of such municipal corporation, *which resolution* shall also state
the amount of the existing indebtedness to be funded, refunded or
extended, the aggregate amount of bonds to be issued therefor, their
number and denomination, the date of maturity, the rate of interest they
shall bear, and the place of payment of principal and interest."

The allegations of the petition in this case, brought to compel the
mayor of the village to sign bonds claimed to have been issued by the
village under the provisions of this section, on this point are substan-
tially these:

"That on or about the twenty-first day of January, A. D. 1899, the
counsel of said village, then sitting in regular session, duly passed and
adopted a resolution entitled, 'A resolution declaring certain indebted-
ness to be existing, valid and binding obligations of the village of Pleas-
ant Ridge, Hamilton county, Ohio, and providing for the issuing of
bonds to change and extend the time of payment of the same.' "

The petition further states that upon the same day the council of the said village duly passed and adopted an ordinance, numbered 397, and entitled: "An ordinance to issue bonds in the sum of $7,534.08, to change and extend the time of payment of certain indebtedness heretofore incurred for certain improvements, and heretofore declared by resolution of the village council to be existing, valid and binding obligations of the village of Pleasant Ridge, Ohio."

These are the only references made in the pleading to the said resolution or ordinance, except that the petition subsequently states "that said resolution and ordinance provided for interest coupons to be attached to said bonds, and interest to be at the rate of five per cent., payable annually."

It is manifest, therefore, that in the petition it is not alleged, nor is it made to appear to the court, that the resolution itself did declare and determine any particular indebtedness to be an existing, valid and binding obligation of such village, nor that it stated the amount of the existing indebtedness to be funded, refunded or extended, or the aggregate amount of bonds to be issued therefor, their number and denomination, the date of maturity, the rate of interest they shall bear, and the place of payment of principal and interest. All of these things seem by the statute necessary to be done, before the council is authorized to issue the bonds. And in our judgment it is necessary in this proceeding to compel the mayor to sign said bonds, to aver in the petition, and if denied, to prove, that these requirements of the statutes have been substantially complied with.

For these reasons we hold that the demurrer should be sustained. Leave will be given the plaintiff to amend the petition within such time as he desires, and leave to defendant to plead or demur within three days thereafter, so that the case may be speedily submitted if desired by the parties.

*J. J. Acomb*, for plaintiff.   *James R. Mack*, contra.

---

## TENANTS IN COMMON—EVIDENCE.